TODD KIM
Assistant Attorney General
JAY GOVINDAN, Section Chief
BONNIE BALLARD
Trial Attorney (Maryland Bar No. 2211280027)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-1513
Bonnie.M.Ballard@usdoj.gov

*Attorneys for Federal Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA and NORTH SLOPE BOROUGH,<br><br>          Plaintiffs,<br><br>          vs.<br><br>NATIONAL MARINE FISHERIES SERVICE,<br><br>          Federal Defendant. | Case. No. 3:22-cv-00249-JMK<br><br>FEDERAL DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF |

FEDERAL DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Defendant, the National Marine Fisheries Service (NMFS), provides the

following Answer to Plaintiffs' Petition for Review and Complaint. Defendant

denies any allegations in Plaintiffs' Petition for Review and Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

1. Defendant admits that NMFS is a federal agency within the National Oceanic and Atmospheric Administration, U.S. Department of Commerce. The remaining allegations in Paragraph 1 contain Plaintiffs' characterization of their case and the nature of the action, to which no response is required.

2. The allegations in Paragraph 2 contain Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

3. Defendant denies the allegations in the first sentence of Paragraph 3. The second sentence of Paragraph 3 purports to characterize NMFS's negative 90-day finding on Plaintiffs' petition to delist the Arctic subspecies of ringed seal (85 Fed. Reg. 76,018 (Nov. 27, 2020)), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, or context of the negative 90-day finding.

4. Defendant denies the allegations in the first clause of the first sentence of Paragraph 4. The remaining allegations in the first two sentences of Paragraph 4 include legal conclusions to which no response is required and purport to characterize the Endangered Species Act (ESA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context. The

allegations in the third sentence of Paragraph 4 purport to characterize the decisions in two district court cases—*Ctr. for Bio. Diversity v. Morgenweck*, 351 F. Supp. 2d 1137, 1141 (D. Colo. 2004) and *Moden v. U.S. Fish and Wildlife Serv.*, 281 F. Supp. 1193, 1203 (D. Ore. 2003)—which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context.

5. The allegations in the first sentence of Paragraph 5 purport to characterize NMFS's final decision to list the Arctic subspecies of ringed seal in 2012, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, or context of that listing decision. Defendant denies the allegations in the second and third sentences of Paragraph 5.

6. The allegations in Paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. The allegations in Paragraph 7 contain Plaintiffs' characterization of their case and the nature of the action and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

8. The allegations in Paragraph 8 constitute legal conclusions to which no response is required.

9. The allegations in Paragraph 9 constitute legal conclusions to which no response is required.

10. The allegations in Paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

11. Defendant admits that Plaintiffs sent a notice of intent to sue (Notice), dated June 28, 2021.

12. Defendant admits Defendant received Plaintiffs' Notice and responded in a letter dated July 13, 2021.

13. Defendant admits that more than sixty days have passed since Defendant received Plaintiffs' Notice. The allegations in the second and third sentences of Paragraph 13 contain Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

14. The allegations in Paragraph 14 contain legal conclusions, to which no response is required. The allegations in Paragraph 14 also purport to characterize NMFS's final rule designating critical habitat for the Arctic ringed seal, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to its plain language, meaning, or context.

15. The allegations in Paragraph 15 contain Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

16. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 16, and Defendant denies them on that basis. Defendant admits the allegations in the second sentence of Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. The allegations in Paragraph 18 contain Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

19. Defendant admits the allegations in Paragraph 19.

20. The allegations in Paragraph 20 characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to their plain language, meaning, or context.

21. The allegations in Paragraph 21 characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to their plain language, meaning, or context.

22. The allegations in the first two sentences of Paragraph 22 characterize the ESA and its implementing regulations, which speak for themselves and are the best

evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context. The allegations in the third sentence of Paragraph 22 purport to characterize the Supreme Court's decision in *Bennett v. Spear*, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to its plain language, meaning, or context.

23. Regarding the allegations in the first sentence of Paragraph 23, Defendant admits that NMFS listed the Arctic subspecies of ringed seals as threatened under the ESA on December 28, 2012. Defendant admits the allegations in the second sentence of Paragraph 23.

24. The allegations in Paragraph 24 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context.

25. The allegations in Paragraph 25 characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to their plain language, meaning, or context.

26. The allegations in the Paragraph 26 characterize NMFS's negative 90-day finding, the ESA, and the ESA's implementing regulations, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context.

27.  The allegations in the first and third sentences of Paragraph 27 purport to characterize the decision of the District Court for the District of Columbia in *Buffalo Field Campaign v. Zinke*, 2018 WL 646887, at *2 (D.D.C. Jan. 31, 2018), which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 27 purport to characterize the decision of the District Court for the District of Oregon in *Moden*, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, or context of these district court decisions.

28.  The allegations in Paragraph 28 characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the ESA's plain language, meaning, or context.

29.  The allegations in Paragraph 29 characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the ESA's plain language, meaning, or context.

30.  The allegations in Paragraph 30 characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the ESA's plain language, meaning, or context.

31.  Defendant admits the allegations in the first two sentences of Paragraph 31. Defendant denies the allegations in the third sentence of Paragraph 31.

32.  Defendant denies the allegations in the first sentence of Paragraph 32. Defendant admits the allegations in the second sentence of Paragraph 32.

33. Defendant denies the allegations in the first sentence of Paragraph 33. The allegations in the second and third sentence of Paragraph 33 purport to characterize NMFS's final decision to list the Arctic subspecies of ringed seal as threatened in 2012, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, or context of that listing decision.

34. Defendant denies the allegations in Paragraph 34.

35. The allegations in Paragraph 35 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. The allegations in Paragraph 40 purport to characterize NMFS's 2013 status review of the ribbon seal, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to its plain language, meaning, or context.

41. The allegations in the first sentence of Paragraph 41 are too vague and ambiguous to permit a response and are denied on that basis. Defendant denies the allegations in the second sentence of Paragraph 41. The allegations in the third sentence of Paragraph 41 purport to characterize the Ninth Circuit decision in *Defenders of Wildlife v. Norton*, 258 F.3d 1136, 1143 (9th Cir. 2001), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to its plain language, meaning, or context.

42. Defendant admits the allegations in the first sentence of Paragraph 42. Defendant denies the allegations in the second sentence of Paragraph 42.

43. Defendant admits the allegations in the first sentence of Paragraph 43. The allegations in the second sentence of Paragraph 43 purport to characterize NMFS's negative 90-day finding, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain language, meaning, or context of the negative 90-day finding. The allegations in the third and fourth sentences of Paragraph 43 include legal conclusions to which no response is required and purport to characterize the ESA and NMFS policy guidance, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context.

44. Defendant denies the allegations in Paragraph 44.

45. The allegations in the first sentence of Paragraph 45 characterize the decision of the District Court for the District of Columbia in *Buffalo Field Campaign*

*v. Zinke*, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to that decision's plain language, meaning, or context. The allegations in the second sentence of Paragraph 45 contain Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

46. Defendant admits that NMFS announced in 2020 that it will conduct a 5-year review of the status of the Arctic ringed seal. The allegations in the second sentence of Paragraph 46 purport to characterize the ESA and NMFS policy guidance, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context.

47. Defendant denies the allegations in Paragraph 47.

48. The allegations in Paragraph 48 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. The allegations in the first sentence of Paragraph 51 are too vague and ambiguous to permit a response and are denied on that basis. The first sentence of Paragraph 51 also purports to characterize NMFS's final rule listing the Arctic ringed seal as threatened under the ESA. That rule speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to its plain

language, meaning, or context. The allegations in the second and third sentences characterize the Intergovernmental Panel on Climate Change (IPCC) Fifth Assessment Report (AR5), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to its plain language, meaning, or context.

52. The allegations in Paragraph 52 characterize the IPCC AR5, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to its plain language, meaning, or context.

53. Defendant denies the allegations in Paragraph 53.

54. The allegations in Paragraph 54 characterize the IPCC AR5 and a 2013 IPCC working group analysis, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context.

55. Defendant denies the allegations in the first sentence of Paragraph 55. The allegations in the second and third sentences of Paragraph 55 characterize the IPCC AR5, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to its plain language, meaning, or context.

56. The allegations in the first and third sentences of Paragraph 56 are too vague and ambiguous to permit a response and are denied on that basis. The allegations

in the second sentence of Paragraph 56 purport to characterize uncited scientific studies, which speak for themselves and are the best evidence of their contents.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in the first and third sentences of Paragraph 58. The allegations in the second sentence of Paragraph 58 are too vague and ambiguous to permit a response and are denied on that basis.

59. The allegations in the first sentence of Paragraph 59 are too vague and ambiguous to permit a response and are denied on that basis. The allegations in the second sentence of Paragraph 59 purport to characterize the 2017 Fish and Wildlife Service (FWS) status assessment for the Pacific walrus, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to its plain language, meaning, or context.

60. The allegations in the first sentence of Paragraph 60 purport to characterize the 2017 FWS status assessment for the Pacific walrus, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to its plain language, meaning, or context. The allegations in the second and third sentences of Paragraph 60 are too vague and ambiguous to permit a response and are denied on that basis.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant admits that NMFS initiated a 5-year review of the status of the Arctic ringed seal. The allegations in the second sentence of Paragraph 63 include legal conclusions to which no response is required and purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context. Defendant denies the allegations in the third and fourth sentences of Paragraph 63.

64. The allegations in the first sentence of Paragraph 64 are too vague and ambiguous to permit a response and are denied on that basis. Defendant denies the allegations in the second and third sentences of Paragraph 64. The allegations in the fourth sentence of Paragraph 64 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to their plain language, meaning, or context. Defendant denies the allegations in the fifth sentence of Paragraph 64.

65. Defendant incorporates by reference all preceding paragraphs of this Answer.

66. Defendant denies the allegations in the first sentence of Paragraph 66. The allegations in the second sentence of Paragraph 66 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each allegation.

67. The allegations in Paragraph 67 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each allegation.

REQUEST FOR RELIEF

The remainder of Plaintiffs' complaint constitutes their requests for relief, to which no response is required. To the extent a further response is required, Defendant denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.

GENERAL DENIAL

Federal Defendant denies any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

Dated: January 30, 2023              TODD KIM
                                     Assistant Attorney General
                                     U.S. Department of Justice
                                     Environment & Natural Resources Division
                                     JAY GOVINDAN, Section Chief
                                     Wildlife & Marine Resources Section
                                     MEREDITH L. FLAX, Assistant Section Chief

                                     */s/ Bonnie Ballard*
                                     BONNIE BALLARD
                                     Trial Attorney (Maryland Bar No. 2211280027)
                                     Wildlife & Marine Resources Section
                                     Ben Franklin Station
                                     P.O. Box 7611
                                     Washington, D.C. 20044
                                     Tel: (202) 305-1513

Email: Bonnie.M.Ballard@usdoj.gov

*Attorneys for Federal Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2023, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Bonnie Ballard*
BONNIE BALLARD